BEFORE THE THIRD DIVISION, MARCH 3, 1959

No. 62803.—John L. Westland & Son, Inc. *v.* United States, protest 255935–K (Los Angeles).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on the total invoiced and appraised value of certain nuts and bibb caps, exported from Japan on or about June 12, 1954, via the MV Nikko Maru, at 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802. It is claimed that the merchandise is free of duty under paragraph 1615(g) of said tariff act, as amended by the Customs Administrative Act of 1938.

Said paragraph 1615, as amended, provides:

(g) Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph.

(h) The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

At the trial, there were offered and received in evidence an application for and certificate of registration, customs Form 4455, covering four cases of stems and nuts (plaintiff's exhibit 1) and the official papers attached to the invoice. It was stipulated by counsel for the respective parties that the cost of the repairs or alterations was 1 cent per article, or a total of $109.40. It was agreed that the pertinent regulations had been complied with, and counsel for the Government stated that the only reason the merchandise was not admitted as American goods returned was that customs officials stated they could not identify it as the merchandise that went out.

It appears from the documentary evidence that, on September 23, 1953, an application was made for the inspection and certificate of registration of four cases of stems and nuts to be sent abroad for alterations, consisting of replating. Said articles were subsequently examined and laden on board the M/S Aso Maru, under customs supervision, on October 15, 1953. In a letter to the collector from Pacific Plumbing Products Corp., dated June 24, 1954, it is stated that the plumbing supplies contained in cases 1, 2, and 3 of the invoice involved herein are identical with the articles covered by the above-mentioned certificate of registration and that they had been returned to the supplier for refinishing and replating, since they did not conform to the original specifications. An affidavit of V. C. Lingam, director of Continental Purchasing Co., Ltd., executed in Tokyo, Japan, on August 10, 1954, states that the three cases of nuts and bibb caps involved herein were the identical articles received from Pacific Plumbing Products Co., per M/S Aso Maru on November 19, 1953; that they had been originally exported to the owner on December 29, 1952, and were returned to the manufacturer for repairs, consisting of chrome plating; that the cost of such repairs was $109.40; that no substitution was made to replace any of the articles received; that the merchandise was reexported to the owner per SS Nikko Maru on June 11, 1954.

In his brief, counsel for the Government states:

It would seem from the affidavits which were received in evidence without objection that the merchandise returned to the United States plated, was the same merchandise as was exported, and it is conceded that all the pertinent customs regulations were complied with.

Wherefore it would seem that plaintiff should pay duty on the value of the repairs, only.

On the record presented, we hold that the merchandise involved herein is subject to duty, pursuant to paragraph 1615(g) of the Tariff Act of 1930, as amended, only on the value of the repairs or alterations, at the rate or rates which would apply to the articles themselves if not within the purview of said subparagraph. To that extent, the protest is sustained. As to all other claims, it is overruled. Judgment will be rendered accordingly.